# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:11-cv-294-RJC-DSC

| | |
|---|---|
| COREY G. COSOM, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br> )<br>    Defendant. )<br> ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), Defendant's Motion for Summary Judgment, (Doc. No. 17), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 19), Plaintiff's Objection to the M&R, (Doc. No. 21), and Defendant's Reply to the Objection, (Doc. No. 22).

## I.  BACKGROUND

On October 24, 2007, Plaintiff filed an application for a period of disability and Social Security benefits, initially alleging that he was unable to work as of February 15, 2007 due to diabetes and high blood pressure. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing which was held on July 13, 2009.

On September 22, 2009, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled through his date last insured of December 31, 2007. The ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of February 15, 2007 through his date of last insured. The ALJ also found that Plaintiff suffered from diabetes mellitus type II, hypertension, chronic kidney disease, and obesity, which were

severe impairments within the meaning of the regulations, but did not meet or equal any listings in 20 C.F.R Pt. 404, Subpt. P, App. 1. The ALJ then considered whether Plaintiff could return to his past relevant work. The ALJ found Plaintiff retained the Residual Functional Capacity ("RFC') to perform light work with a sit/stand option, occasional climbing, and occasional hazards. Based on Plaintiff's RFC, other vocational characteristics, and vocational expert testimony, the ALJ concluded that Plaintiff could not perform his past relevant work, but that he could perform other work that existed in significant numbers in the national economy. Accordingly, the ALJ determined that Plaintiff was not disabled at any time through December 31, 2007.

By notice dated April 21, 2011, the Appeals Council denied Plaintiff's request for further administrative review. Plaintiff filed the present action on June 15, 2011. On appeal, Plaintiff assigns error to a hypothetical question the ALJ asked the Vocation Expert ("VE") (concerning Plaintiff's need for a sit/stand option at work), the ALJ's evaluation of Plaintiff's obesity, and the ALJ's failure to re-contact Plaintiff's treating physicians and/or order a consultative medical examination. Each party filed a motion for summary judgment. On February 23, 2012, the Magistrate Judge issued an M&R, (Doc. No. 19), denying Plaintiff's Motion for Summary Judgment, (Doc. No. 11), granting Defendant's Motion for Summary Judgment, (Doc. No. 17), and affirming the Commissioner's determination. Plaintiff filed an Objection to the M&R, (Doc. No 21), on February 27, 2012, and Defendant filed a Reply to the Objection, (Doc. No. 22), on February 29, 2012.

## II.  STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. §

636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

## III. ANALYSIS

Plaintiff objects to the Magistrate Judge's findings on three grounds: (1) "The M&R incorrectly holds that the ALJ asked a proper hypothetical question," (2) "The M&R incorrectly finds that the ALJ properly considered Plaintiff's obesity," and (3) "The M&R incorrectly finds that the ALJ properly determined Plaintiff's RFC." (Doc. No. 21 at 2, 3). The Court reviews these issues de novo.

### A. Whether the ALJ's hypothetical question was improper

Plaintiff first argues that a hypothetical question the ALJ asked the VE was improper because it did not contain qualifying language such as "at the claimant's discretion" or "at will." (Doc. No. 21 at 2). The ALJ asked the VE:

> Assume I find on the basis of the credible record before me a full record here [sic], that that the claimant has demonstrated exertional impairments reflecting residual functional capacity for a full range of light work on a sustained work [sic], and assume further that he has demonstrated certain significant non-exertional impairments, principally relating to diabetes, high blood pressure and chronic kidney disease, which limits him to work requiring sit/stand option, occasional climbing – and that's both stairs ladders, and occasional hazards, taking into full account that these non-exertional restrictions and this claimant's age, education and prior relevant work experience, are there any jobs existing in

3

the general area in which this claimant lives, and other regions of the country that he could do with these limitations?

(Administration Hearing Transcript at 46-47). The VE responded that Plaintiff could perform the light and unskilled jobs of storage facility rental clerk, information clerk, and cashier two, and that there are more than 30,000 of these jobs available in North Carolina. (Id.). Plaintiff complains that the ALJ's question did not specify the frequency with which Plaintiff would need to alternate between sitting and standing. In dismissing this argument, the Magistrate Judge cited Walls v. Barnhart, 296 F.3d 287, 291 (4th Cir. 2002). (Doc. No. 19 at 6). Plaintiff argues that the facts of this case are "very different" than Walls. (Doc. No. 21). Plaintiff points out that in Walls, the ALJ's hypothetical question contained the phrase "at the claimant's discretion." 296 F.3d at 290. This difference matters not. The ALJ's hypothetical told the VE that Plaintiff would require a sit/stand option. See also Vallejo v. Astrue, No 3:10-cv-00445, 2011 WL 4595259, at *7-11 (W.D.N.C. Aug. 4, 2011) (Mullen, J.) (rejecting "plaintiff's argument that remand was required [although] ALJ did not specify the frequency of the sit[/]stand option in the hypothetical question where plaintiff was limited to light work.").

Here, the ALJ relied on substantial evidence when determining Plaintiff's RFC and phrasing the hypothetical question to the VE. The VE's response was clear and direct and does not evidence a misunderstanding to the question proposed by the ALJ. Further, Plaintiff cites no authority holding that qualifying language is required in an ALJ's hypothetical question in order to make the question proper. Accordingly, the Court finds that the ALJ's hypothetical question was proper.

B.  Whether the ALJ properly considered Plaintiff's obesity

Plaintiff's second objection is that the ALJ did not properly consider Plaintiff's obesity.

Plaintiff states that "[a]lthough the ALJ states in his decision that he has complied with SSR 02-01p, he merely makes a conclusory statement and fails to comply with SSR 02-01p in that he does not explain how he reached his conclusion as required." (Doc. No. 21 at 2). Pursuant to SSR 02-01p, 2000 WL 628049 (Sept. 12, 2002), where an ALJ determines obesity to be a severe impairment, the ALJ must consider obesity throughout the sequential evaluation process. In this case, the ALJ determined that Plaintiff's obesity was a severe impairment. In formulating Plaintiff's RFC, the ALJ considered the combination of all of Plaintiff's impairments, including obesity. Plaintiff points to nothing in the record that indicates any limitation stemming from his obesity that was not addressed by the ALJ. Therefore, the Court finds that the ALJ adequately considered Plaintiff's obesity.

  C. <u>Whether Plaintiff's RFC was properly determined</u>

The third and final objection made by Plaintiff is that the ALJ did not properly determine Plaintiff's RFC. Plaintiff states that the ALJ should have re-contacted Plaintiff's treating physicians for additional information. However, as the Magistrate Judge pointed out, the ALJ must only obtain a consultative examination or re-contact a treating physician where the evidence before him is insufficient to assess disability. Plaintiff has not shown that the necessary information was not already available from the records before the ALJ. In making his finding, the ALJ considered objective medical evidence, treatment notes, opinion of the non-examining state agency physician, and Plaintiff's testimony. In addition, the ALJ also reviewed the opinions of the non-examining physician and state agency medical consultants. (Doc. No. 21 at 3). The ALJ found Plaintiff's medical records and evidence outweighed the state medical consultant evidence, noting that "[t]he state agency medical opinion is given *less weight* because evidence received at the hearing level shows that the claimant is more limited than determined

5

by the State agency consultant." (Doc. No. 9-3 at 20) (emphasis added). The ALJ properly weighed the evidence before him and determined that a consultative examination was not necessary. The Court finds that the ALJ did not err in his evaluation of Plaintiff's RFC.

D. Remaining Contentions

The Court finds no clear error in the remaining portions of the Magistrate Judge's M&R to which Plaintiff did not object. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**, Defendant's Motion for Summary Judgment, (Doc. No. 17), is **GRANTED**, the Magistrate Judge's M&R, (Doc. No. 19), is **ADOPTED**, and the Commissioner's determination is **AFFIRMED**.

Signed: May 24, 2012

Robert J. Conrad, Jr.
Chief United States District Judge